J-S43023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARLOS MORET | : | |
| | : | |
| Appellant | : | No. 2100 MDA 2018 |

Appeal from the PCRA Order Entered December 3, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004033-2001

BEFORE: GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 25, 2019**

Appellant, Carlos Moret, appeals from the December 3, 2018 Order that dismissed as untimely his third Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

A detailed recitation of the factual and procedural history in this case is unnecessary to our disposition. Briefly, on June 13, 2003, the trial court convicted Appellant of First-Degree Murder, Arson, and Burglary for breaking into his neighbor's apartment, beating and strangling her, and subsequently setting her apartment on fire. On August 26, 2003, the court imposed a mandatory sentence of life without parole for First-Degree Murder, 10 to 20 years' incarceration for Arson, and 10 to 20 years' incarceration for Burglary, to be served consecutively. Appellant filed a Motion to Modify Sentence, which the trial court denied on October 9, 2003. On July 20, 2004, this Court affirmed Appellant's Judgement of Sentence, and on January 12, 2005, the

_____
\* Former Justice specially assigned to the Superior Court.

Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Moret*, 859 A.2d 833 (Pa. Super. 2004), *appeal denied*, 867 A.2d 523 (Pa. 2005). Appellant did not seek review by the United States Supreme Court. Appellant's Judgment of Sentence, therefore, became final on April 12, 2005. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.

On April 25, 2018, more than twelve years after his Judgment of Sentence became final, Appellant filed the instant PCRA Petition, his third, raising a claim that in February 2018, after hiring an investigator, he learned the newly discovered fact that "Michelle Segnor, a former neighbor in the apartment complex . . . heard a knock at [Appellant]'s apartment the night of the murder-arson." PCRA Petition, 4/25/18, at 5 (unpaginated). Appellant avers that this newly discovered fact substantiates multiple statements that he gave to police claiming that, on the night of the crime, "three masked men" knocked on Appellant's bedroom window in the middle of the night and forced him to assist in the murder-arson. *Id.* at 3. Appellant also asserts that he learned that Nick Ashby, a former friend, heard another former friend, Angel Rivera, talking about "being responsible" for the murder-arson at a party they both attended. *Id.* at 6.

On October 22, 2018, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition as untimely without a hearing. Appellant filed a timely Response. On December 3, 2018, the PCRA Court dismissed Appellant's Petition as untimely. This timely appeal followed.

Appellant raises the following issue for our review: "Did the PCRA Court err by dismissing [Appellant]'s [P]etition without a hearing where he adequately pleaded the newly discovered evidence exception to the time-bar?" Appellant's Br. at 2.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Appellant's Petition, filed more than twelve years after his Judgment of Sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if a petitioner pleads and proves one of the three exceptions set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

Here, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(ii), which requires Appellant to plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has held that the exception set forth in Section 9545(b)(1)(ii) "does not require any merits analysis of the underlying claim." *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence*." Id.* at 1272 (internal quotation marks omitted), citing 42 Pa.C.S. § 9545(b)(1)(ii). "If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." *Id.* Notably, a petitioner does not satisfy the Section 9545(b)(1)(ii) time-bar exception where he merely alleges a newly discovered source for previously known-facts. *Commonwealth v. Marshall*, 947 A.2d 714, 721–22 (Pa. 2008).

Appellant first asserts that "at the time of trial, despite diligence, [Appellant] was unaware that Ms. Segnor heard the knocking and [saw] Appellant's door close." PCRA Pet. at 8 (unpaginated). As stated above, Appellant contends that this newly discovered fact substantiates his claim that on the night of the crime, "three masked men" knocked on his bedroom window and forced him to assist in the murder-arson. *Id.* at 3.

In its Opinion, the PCRA court highlighted trial testimony from Detective Allen Leed, who testified on cross-examination that he interviewed people in the apartment unit and spoke to Ms. Segnor, who heard knocking on the night in question. PCRA Ct. Op., filed 1/29/19, at 15-16. On cross-examination, Detective Lead reiterated three times that Ms. Segnor "heard a knock at the door that night." N.T. Trial, 6/12/03, at 760-761. In light of this testimony, the PCRA court found that "the trial record establishes that [Appellant] was clearly aware of Segnor's existence at the time of trial and of her knowledge of a knock on his apartment door on the night of the murder." PCRA Ct. Op. at 16. We agree.

In his PCRA Petition, Appellant fails to explain how, after Detective Leed testified during trial that Ms. Segnor heard a knock at the door, he was not aware of this fact or could not learn more about the circumstances surrounding this fact with the exercise of due diligence. *See Bennett*, 930 A.2d at 1271. Accordingly, Appellant fails to overcome the PCRA time-bar with this claim.

In his PCRA Petition, Appellant also claims that he recently learned the newly discovered fact that Mr. Ashby overheard Mr. Rivera stating he was "responsible" for the murder-arson at a party. PCRA Pet. at 6. Appellant avers that in February 2018, he sent an investigator to speak to Mr. Ashby, who was unwilling to share any information. *Id.* at 6. However, Appellant fails to plead and prove when he actually learned of the claims that precipitated sending the investigator to speak to Mr. Ashby and whether he filed the PCRA Petition within one year of the date the claim could have been presented as required by Section 9545(b)(2). Appellant also failed to provide any explanation as to why this information could not have been obtained previously with the exercise of due diligence. *See Bennett*, 930 A.2d at 1271. Consequently, this claim also fails to overcome the PCRA time-bar.

Appellant fails to satisfy any of the exceptions to the PCRA's time-bar and, thus, the PCRA court lacked jurisdiction to address the merits of Appellant's newly discovered fact claims.[1] *See Albrecht*, 994 A.2d at 1093.

_____

[1] We note that, in discussing the requirements of the newly discovered fact exception, the PCRA court applied an erroneous standard when it opined that a petitioner must demonstrate that the new evidence "(1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted." PCRA Ct. Op. at 14 citing *Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018). The PCRA court's standard conflates the requirements of the timeliness exception with a substantive claim for relief based upon "after-discovered evidence." *See* 42 Pa.C.S. § 9543(a)(2)(vi). "However, an after-discovered evidence claim and

- 6 -

We are, likewise, without jurisdiction to address the merits of the issues raised in Appellant's Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/25/2019

---

the timeliness exception based on previously unknown facts are distinct, and the issues are analyzed differently." **Commonwealth v. Davis**, 86 A.3d 883, 891 n. 7 (Pa. Super. 2014) (citation omitted). A petitioner seeking to meet the timeliness exception of 42 Pa.C.S. § 9545(b)(1)(ii) need need only establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii); **see also Bennett**, 930 A.2d at 1272. Although the PCRA court applied the incorrect standard, "we may affirm the PCRA court's decision on any basis." **Commonwealth v. Charleston**, 94 A.3d 1012, 1028 (Pa. Super. 2014) (citation omitted).